UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUINCETTA Y. CARGILL,

          Petitioner,

   v.

ISRAEL JACQUEZ, Warden ,

          Respondent.

CASE NO. 2:22-cv-01288-LK-BAT

**REPORT AND RECOMMENDATION**

Before the Court is the third 28 U.S.C. § 2241 habeas petition Petitioner, Quincetta Y. Cargill, a detainee of the Federal Detention Center, SeaTac, has filed seeking collateral relief from her 2020 conviction for conspiracy to commit mail fraud, and the sentence imposed by the United States District Court for the Northern District of Alabama in case number 2:17-cr-00356-RDP-JHE. Dkt 1. *See Cargill v. Israel*, C22-900-LK-SK (challenging conviction on grounds Petitioner was incompetent and innocent of the crimes for which she was convicted); *Cargill v. Israel,* C22-1159-LK-MLP (Challenging validity of the restitution order entered by the Northern District of Alabama). Petitioner also filed a motion to "cease enforcement" of the restitution order entered by the Court in the Northern District of Alabama. Dkt. 3.

      The Court recommends the petition be **DISMISSED** and the motion to enjoin the restitution order be **DENIED**. First, the pleading is styled as a § 2241 habeas petition but is

REPORT AND RECOMMENDATION - 1

nothing more than a 28 U.S.C § 2255 motion. This is evident because Petitioner challenges the validity of her federal conviction and sentence and such a challenge must be presented by a 28 U.S.C. § 2255 motion. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A § 2255 motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction. *Hays v. Tews*, 771 Fed. Appx. 769 (9th Cir. 2019) citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Because Petitioner seeks § 2255 relief in challenging the legality of her federal conviction and sentence, this Court lacks jurisdiction over the matter and the petition should be dismissed.

And second, Petitioner's present petition is, as the Court earlier stated in the report and recommendation filed in *Cargill v. Israel*, C22-900-LK-SK, an attempt to circumvent the requirement she file a § 2255 motion to obtain collateral relief of her federal criminal conviction. Petitioner alleges she currently has a pending appeal in the Eleventh Circuit. There is thus no basis to conclude Petitioner may seek § 2241 habeas relief on the grounds she lacks a remedy to adequately and effectively challenge her conviction and sentence. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Aronson v. May*, 85 S. Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a writ under the All Writs Act, 28 U.S.C. § 1651); *Lorentsen*, 223 F.3d at 953 (§ 2255 not inadequate merely because court of appeals refuses to certify second or successive motion to vacate); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion

REPORT AND RECOMMENDATION - 2

pursuant to Section 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief).

In sum, Petitioner seeks collateral relief from the sentence, which includes restitution, that was imposed by a federal judge in the Northern District of Alabama. Such a request must be brought via a 28 U.S.C. § 2255 motion. As a §2255 motion must be filed in the sentencing court, this Court lacks jurisdiction to grant Petitioner the collateral relief she seeks. While Petitioner styled her pleading as brought under § 2241, relief under that provision is unavailable because Petitioner has other valid remedies to obtain the relief she seeks. Indeed, Petitioner appealed her conviction and sentence and her appeal is currently pending before the Court of Appeals for the Eleventh Circuit. The Court also recommends the "Motion to Cease All Actions in Efforts to Enforce Order of Restitution," Dkt. 3, be denied because it requests the same relief sought in the § 2255 motion.

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability (COA), an appeal may not be taken to the court of appeals from the final order in a proceeding under § 2255. 28 U.S.C § 2253(1)(B). Additionally, where a petition purportedly brought under § 2241 is merely a "disguised" § 2255 petition, the petitioner cannot appeal from the denial of that petition without a COA. *Porter v. Adams,* 244 F.3d 1006, 1006–07 (9th Cir.2001).

A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds no reasonable jurist would disagree petitioner's § 2241 petition is a §2255 motion that challenges her conviction and sentence. This Court lacks jurisdiction to grant the requested collateral relief because collateral challenges to the conviction and sentence must be brought in the court that entered judgment, the Northern District of Alabama. Petitioner should address whether a COA should issue in written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 30, 2022.** The Clerk shall note the matter for **September 30, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 16th day of September, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4