UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br><br>       Petitioner,<br><br>  v.<br><br>HOWARD BARRON,<br><br>       Respondent. | CASE NO. 2:22-cv-01288-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION |

  This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A Tsuchida, recommending denial of Quincetta Y. Cargill's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Dkt. Nos. 1, 6. Ms. Cargill timely objected to the R&R. Dkt. No. 7. Having reviewed Judge Tsuchida's recommendations, Ms. Cargill's objections, and the relevant record, the Court adopts the R&R as set forth below.

## I.     BACKGROUND

Ms. Cargill is currently confined at the Federal Detention Center in SeaTac, Washington. *See* Dkt. No. 1 at 2.[1] She is serving a 180-month sentence after being convicted of conspiracy to commit mail and wire fraud, as well as witness tampering. *See United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, Dkt. No. 282 (N.D. Ala. Sept. 16, 2020). At trial, Ms. Cargill represented herself with the assistance of "hybrid counsel." *Id.* at 1. In addition to her term of confinement and supervised release, Ms. Cargill was ordered to pay $1,096,668.68 in restitution to the Internal Revenue Service. *Id.* at 3, 6. Ms. Cargill appealed her conviction, and the United States Court of Appeals for the Eleventh Circuit affirmed the district court's rulings during the pendency of the instant habeas proceedings. *United States v. Cargill*, No. 20-13507, 2022 WL 4375292, at *1 (11th Cir. Sept. 22, 2022) (per curiam).

Ms. Cargill's habeas petition in this case challenges the restitution ordered as part of the sentence in her underlying criminal case. Dkt. No. 1 at 3–13.[2] Ms. Cargill also filed an "emergency motion" requesting that the Court cease all efforts to enforce the order of restitution. Dkt. No. 3 at 1. The R&R recommends denying Ms. Cargill's petition for lack of jurisdiction because although her "pleading is styled as a § 2241 habeas petition," it is "nothing more than a 28 U.S.C[.] § 2255 motion" challenging the legality of her conviction and sentence. Dkt. No. 6 at 1–2. Therefore, Judge Tsuchida concluded that Ms. Cargill's claims must be brought in the district where she was

---

[1] In her petition, Ms. Cargill properly named Israel Jacquez as respondent because at the time of filing, Jacquez was the warden of FDC SeaTac, the facility where Ms. Cargill is detained. Dkt. No. 1 at 1; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the proper respondent to a habeas petition is the person with "immediate custody" over the petitioner); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (same). During the pendency of these proceedings, however, Howard Barron replaced Jacquez as warden. Accordingly, the Court substitutes Barron as respondent because he is Ms. Cargill's current immediate custodian. *See* Fed. R. Civ. P. 25(d); Federal Bureau of Prisons, *FDC SeaTac Admissions & Orientation Handbook*, https://www.bop.gov/locations/institutions/set/set_ao-handbook.pdf?v=1.0.0 (last visited Sept. 18, 2023).

[2] The Court notes that Ms. Cargill has filed two other habeas petitions under 28 U.S.C. § 2241 in this district: *Cargill v. Jacquez*, No. 2:22-CV-00900-LK (W.D. Wash. June 25, 2022) and *Cargill v. Jacquez*, No. 2:22-CV-01159-LK (W.D. Wash. Aug. 12, 2022).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION - 2

1 | sentenced, i.e., the Northern District of Alabama. *Id.* at 2. The R&R also recommends denying

2 | Ms. Cargill's emergency motion "because it requests the same relief sought in the § 2255 motion."

3 | *Id.* at 3. Ms. Cargill's objections to the R&R largely rehash the arguments contained in her

4 | petition. *See* Dkt. No. 7 at 3–8.

5 |                                    II.    DISCUSSION

6 | **A.     Standard of Review**

7 | The Court "shall make a de novo determination of those portions of the report or specified

8 | proposed findings or recommendations to which objection is made," and "may accept, reject, or

9 | modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

10 | U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any

11 | part of the magistrate judge's disposition that has been properly objected to."). As the statute and

12 | rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not

13 | otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)

14 | (emphasis in original).

15 | **B.     Ms. Cargill's Claims Challenging the Restitution Amount Fall Within the Scope of Section 2255(a) and the Court Therefore Lacks Jurisdiction**

16 |

17 | "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the

18 | sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's

19 | execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204

20 | F.3d 861, 864 (9th Cir. 2000) (per curiam); *accord Harrison v. Ollison*, 519 F.3d 952, 955 (9th

21 | Cir. 2008); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). There is an exception to this

22 | general rule, though, "termed the § 2255(e) 'escape hatch,'" that "permits a federal prisoner to file

23 | a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy

24 | under § 2255 is inadequate or ineffective to test the legality of his detention." *Allen v. Ives*, 950

F.3d 1184, 1188 (9th Cir. 2020) (cleaned up); *see also* 28 U.S.C. § 2255(e). The Ninth Circuit has held that the escape hatch exception applies when the prisoner (1) claims actual innocence, and (2) has not been afforded an unobstructed procedural shot at presenting that claim. *Allen*, 950 F.3d at 1188; *see also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Here, Ms. Cargill has not claimed actual innocence or, more fundamentally, shown that she has been deprived an unobstructed procedural shot at presenting such claim with respect to the restitution ordered by the sentencing court. As the R&R stated, and as Ms. Cargill has been previously advised by other courts, the next step after direct appeal of her conviction and sentence is to pursue a motion under Section 2255 in the Northern District of Alabama. *See* Dkt. No. 6 at 3; *Cargill v. U.S. Sent'g Comm'n*, No. 2:20-CV-01066-AKK-JHE, 2020 WL 6164463, at *1 (N.D. Ala. Sept. 25, 2020) ("Should Cargill not receive the relief she seeks on direct appeal, she must then proceed through a motion to vacate pursuant to § 2255, rather than a petition pursuant to § 2241."), *report and recommendation adopted*, 2020 WL 6164429 (N.D. Ala. Oct. 21, 2020). In fact, Ms. Cargill has filed such a motion: on August 3, 2023, she filed a motion under Section 2255 to vacate, set aside, or correct her sentence in the Northern District of Alabama. *Cargill v. United States*, Case No. 2:23-cv-8022, Dkt. No. 1 (N.D. Ala.). That matter is still pending.[3]

In addition, the Court notes that even if Ms. Cargill could bring her motion in this district, she cannot file a second or successive petition under Section 2255 unless she makes a prima facie showing to the appropriate court of appeals that the petition contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[3] Ms. Cargill also filed a motion to vacate her conviction and sentence in *United States v. Cargill*, Case No. 2:17-cr-00356-RDP-JHE, on August 2, 2023. *See id.* at Dkt. No. 399.

28 U.S.C. § 2255(h); *see Jones v. Hendrix*, 143 S. Ct. 1857, 1868 (2023).

Accordingly, the Court adopts the R&R's conclusion that Ms. Cargill's challenge to the aspects of her underlying conviction and sentence, including the resulting order of restitution, must be brought under Section 2255. The Court finds no basis for jurisdiction over such claims, and for the same reasons denies Ms. Cargill's emergency motion to cease enforcement of the restitution order. Dkt. No. 3. To the extent she seeks to correct, modify, or adjust her restitution order, Section 2241 is not an appropriate vehicle for doing so. *See* 18 U.S.C. § 3664(o)(1).[4]

### III.    CONCLUSION

The Court, having reviewed Ms. Cargill's petition for writ of habeas corpus under 28 U.S.C. § 2241, the R&R, Ms. Cargill's objections, and the remaining record, hereby finds and ORDERS:

1. The Report and Recommendation is approved and ADOPTED, Dkt. No. 6.

2. Ms. Cargill's federal habeas petition, Dkt. No. 1, is DISMISSED for lack of jurisdiction.

3. Ms. Cargill's emergency motion to cease enforcement of the restitution order, Dkt. No 3, is DENIED.

4. The Clerk is DIRECTED to send copies of this Order to Ms. Cargill and to Judge Tsuchida.

Dated this 18th day of September, 2023.

Lauren King
United States District Judge

---

[4] To the extent Ms. Cargill is challenging the execution of the restitution award, *see* Dkt. No. 7 at 6–8, such a claim is foreclosed by *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008).